**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| **KENNETH MORRIS PRETRE,**         ) | |
|         ID # 1389861,                                   ) | |
|                 Petitioner,                             ) | |
| vs.                                                           ) | No. 3:12-CV-0907-B (BH) |
|                                                                 ) | |
| **RICK THALER, Director,**                ) | |
| **Texas Department of Criminal**     ) | Referred to U.S. Magistrate Judge |
| **Justice, Correctional Institutions Division,** ) | |
|                 Respondent.                       ) | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to *Special Order 3-251*, this case has been automatically referred for findings, conclusions, and recommendation. Based on the relevant filings, evidence and applicable law, the petition for habeas corpus relief should be denied as barred by the statute of limitations.

**I. BACKGROUND**

Petitioner, an inmate currently incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division (TDCJ-CID), filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The respondent is Rick Thaler, Director of TDCJ-CID.

On August 16, 2006, petitioner was convicted of burglary of a habitation in Cause No. F05-59881 in Criminal District Court No. 1 in Dallas County, Texas, and sentenced to fifty-five years' imprisonment. (Petition (Pet.) at 2; *see also* www.tdcj.state.tx.us, search for petitioner ). He appealed his conviction and sentence. The Fifth District Court of Appeals affirmed petitioner's conviction and sentence in an unpublished opinion on March 26, 2008. *Pretre v. State*, No. 05-06-01407-CR, 2008 WL 788426 (Tex. App. – Dallas, March 26, 2008, no pet.). Petitioner sought, and was given, an extension until June 24, 2008, to file a petition for discretionary review (PDR) with the Texas Court of Criminal Appeals. (State Habeas Transcript "S.H.Tr."[WR-70,971-01] at 43). He did not file a PDR, however.

On September 29, 2008, petitioner's first state application for writ of habeas corpus was file-stamped as received by the trial court. It was dismissed by the Court of Criminal Appeals on November 19, 2008, because the mandate had not yet been issued, and therefore his direct appeal was considered to still be pending at the time of filing. (Pet. at 3-4); *see also Ex parte Pretre*, WR-70,971-01 (Tex. Crim. App. Nov. 19, 2008).[1] On January 23, 2009, petitioner's second state writ was file-stamped as received by the trial court. It was denied by the Court of Criminal Appeals without written order on findings of the trial court on June 22, 2011. *See Ex parte Pretre*, WR-70,971-02 (Tex. Crim. App. June 22, 2011).

Petitioner's federal petition was received on March 27, 2012. (doc. 3 at 17). It states that the "petition is being filed before the date of September 22, 2011." Petitioner does not verify under penalty of perjury a particular date on which he placed the petition in the prison mailing system, however. (Pet. at 9-10). There is no visible postmark on the envelope containing the petition. On July 11, 2012, respondent submitted with his answer the mail logs from petitioner's prison unit, and they reflect that petitioner placed a package in the prison mail system on March 21, 2012, to be mailed to this Court. (Response, Ex. 1). Petitioner did not file a reply brief.

## II. STATUTE OF LIMITATIONS

**A. <u>Antiterrorism and Effective Death Penalty Act of 1996</u>**

Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. 104-132, 110 Stat. 1217, on April 24, 1996. Title I of the Act applies to all federal petitions for habeas corpus filed on or after its effective date. *Lindh v. Murphy*, 521 U.S. 320, 326 (1997). Because the petition in this case was filed after its effective date, the Act applies.

---

[1] It appears from the record that there was a delay in issuing the mandate until October 10, 2008, because petitioner had sought, and been granted, an extension to file a PDR. (*See* State Habeas Transcript "S.H.Tr.," 5th District Court of Appeals record).

2

Title I of the Act substantially changed the way federal courts handle habeas corpus actions. One of the major changes is a one-year statute of limitations. *See* 28 U.S.C. § 2244(d)(1). The one-year period is calculated from the latest of either (A) the date on which the judgment of conviction became final; (B) the date on which an impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action; (C) the date on which the Supreme Court initially recognizes a new constitutional right and makes the right retroactively applicable to cases on collateral review; or (D) the date on which the facts supporting the claim became known or could have become known through the exercise of due diligence. *See id.* § 2244(d)(1)(A)-(D).

Here, petitioner has not alleged a state-created impediment (subparagraph (B)) that prevented him from filing his federal petition or any new constitutional right (subparagraph (C)). The one-year statute of limitations is therefore calculated from the latest of the date his conviction became final (subparagraph (A)) or the date on which he knew or should have known with the exercise of due diligence the facts supporting his claims (subparagraph (D)).

Petitioner did not file a PDR with the Court of Criminal Appeals, but he did receive an extension of time to file a PDR. His state conviction therefore became final for purposes of § 2244(d)(1) on June 24, 2008, his extended deadline for filing a PDR. *See Gonzalez v. Thaler*, 132 S.Ct. 641, 654-55 (2012) (holding that when a federal habeas petitioner does not appeal to his state's highest court, his conviction becomes final when his time for seeking review with the state's highest court expires, not when the mandate issues); *see also Morris v. Thaler*, 455 Fed. App'x 401, 405 (5th Cir. Dec. 12, 2011) (noting that when an extension to file a PDR has been granted but no PDR filed, the date it was due is the date on which the petitioner could no longer seek further direct review) . The facts supporting petitioner's ineffective assistance of trial counsel claims became known or could have

become known prior to this date.

A prisoner's federal pleading is considered filed when the prisoner places it in the prison mail system. *Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999). Petitioner's unsworn assertion that he placed his petition in the prison mail system before September 22, 2011, is not credible, however. The record reflects that he mailed a document to this Court on March 21, 2012, and that his federal petition was received on March 27, 2012. The Court therefore finds that petitioner's federal petition was filed on March 21, 2012, when the prison mail log shows he mailed a document to this Court. Because March 21, 2012, is more than one year after his conviction became final on June 24, 2008, his federal petition is untimely.

**B. Tolling**

Section 2244 mandates that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending *shall not be counted toward any period of limitation under this subsection*." 28 U.S.C. § 2244(d)(2) (emphasis added). However, petitioner's first state writ was not properly filed under § 2244(d)(2) because he filed it while the direct appeal was still pending and it was therefore dismissed. *Larry v. Dretke*, 361 F.3d 890, 894-95 (5th Cir. 2004) (holding that a state writ application is not properly filed in Texas under § 2244(d)(2) when it is filed before the mandate issues and therefore before the conviction is final under state law). Only petitioner's second state writ was properly filed and statutorily tolls the one-year statute of limitations. Petitioner's second state writ was file-stamped as received by the trial court on January 23, 2009. (S.H.Tr.[WR-70,971-02] at 2). The Fifth Circuit has recently held that due to a change in Texas state law, the pleadings of *pro se* inmates (including petitions for state post-conviction relief) are deemed filed on the date they are delivered to prison authorities, not the date they are stamped as received by the clerk of the court. *Richards v. Thaler*, 2013

4

WL 809246, *5 (5th Cir. Mar. 5, 2013).

Here, the record does not contain any evidence at to when petitioner placed his second state writ in the mail. It appears that he re-submitted a copy of the first writ he filed, because both are dated September 17, 2008. (S.H.Tr.[WR-70,971-02] at 31; S.H.Tr.[WR-70971-01] at 31). There is no reliable signature date or other evidence of when he placed his state writ application in the mail. Nevertheless, an exact date is unnecessary because petitioner's conviction became final on June 24, 2008. He did not file a properly filed state writ application that tolled the statute of limitations until sometime after his first state writ was dismissed almost five months later, on November 19, 2008. Even assuming for purposes of this petition he filed his second writ the next day, the one-year statute of limitations was tolled until it was denied on June 22, 2011, and he did not file his federal habeas petition until nine months later, on March 21, 2012. The statutory tolling provision does not save his federal petition.

Nevertheless, the AEDPA's one-year statutory deadline is not a jurisdictional bar and can, in appropriate exceptional circumstances, be equitably tolled. *Holland v. Florida*, 130 S.Ct. 2549 (2010); *Davis v. Johnson*, 158 F.3d 806, 810-11 (5th Cir. 1998); *cf. Felder v. Johnson*, 204 F.3d 168, 170-71 (5th Cir. 2000) (only "rare and exceptional circumstances" warrant equitable tolling). "The doctrine of equitable tolling preserves a [party's] claims when strict application of the statute of limitations would be inequitable." *Davis*, 158 F.3d at 810 (quoting *Lambert v. United States*, 44 F.3d 296, 298 (5th Cir. 1995)). It "applies principally where [one party] is actively misled by the [other party] about the cause of action or is prevented in some extraordinary way from asserting his rights." *See Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)). A habeas petitioner is entitled to equitable tolling only if he shows that: 1) he has been pursuing his rights diligently, and 2) some extraordinary circumstance prevented a timely filing.

5

*Holland*, 130 S.Ct. at 2562, *citing Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).  He bears the burden to show entitlement to equitable tolling.  *Phillips v. Donnelly*, 223 F.3d 797, 797 (5th Cir. 2000) (per curiam).  Courts must examine each case in order to determine if there are sufficient exceptional circumstances that warrant equitable tolling.  *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999). The Fifth Circuit has also stated that when a prisoner contends that his ability to file a federal habeas petition has been affected by a state proceeding, the court should look at the facts to determine whether equitable tolling is warranted. *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999).

Petitioner does not assert that he is entitled to equitable tolling.  In *Kelly v. Quarterman*, 260 Fed. App'x 629 (5th Cir Dec. 20, 2007), the Fifth Circuit did recognize that the late issuance of a mandate by the state court might support an argument for equitable tolling.  However, the Fifth Circuit found that "Kelly did not act with the diligence and alacrity necessary for equitable tolling." *Id*. at 631. He waited almost six months before filing a proper state writ after his first state writ that was filed before the mandate issued was dismissed, and he waited another four months after it was denied before filing his federal petition.  In this case, petitioner similarly waited approximately two months after his first petition was dismissed on November 19, 2008,before filing a proper state writ, and he waited another nine months after it was denied on June 22, 2011, before filing his federal petition.  Petitioner did not act with diligence in filing his federal petition, and he has therefore failed to meet his burden to show that he is entitled to any equitable tolling.  His federal petition is barred by limitations.

### III. RECOMMENDATION

The Court should find the petition for habeas corpus relief barred by the statute of limitations and **DENY** it with prejudice.

**SO RECOMMENDED on this 8th day of March, 2013.**

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE